■ RUTH KRASNOFF, Respondent, v WILLIAM KRASNOFF, Appellant. — In an action for divorce, defendant husband appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated July 15, 1983, which denied his motion to dismiss the complaint for failure to state a cause of action. Order affirmed, without costs or disbursements. Defendant was convicted in or about August, 1980 of crimes relating to the illegal sale of narcotics and attempts to intimidate government witnesses and began serving a five-year sentence in a Federal penitentiary the following month. In April, 1983, plaintiff served a verified complaint on her husband demanding a judgment of divorce. Plaintiff alleged that defendant's involvement in narcotic sales, attempts to intimidate government witnesses and other criminal activity gave rise to a cause of action pursuant to subdivision (1) of section 170 of the Domestic Relations Law, which provides as follows: "§ 170. Action for divorce An action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage on any of the following grounds: (1) The cruel and inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant." In his answer, defendant interposed an affirmative defense alleging that the complaint failed to state a cause of action. Thereafter, defendant

moved to dismiss the complaint on that ground. Defendant argued that the plaintiff's complaint, which was ostensibly based on the cruel and inhuman treatment provision contained in subdivision (1) of section 170 of the Domestic Relations Law, was nothing more than an improper attempt to circumvent the requirement of subdivision (3) of said section which permits an action for divorce only where a spouse has been confined in prison for "three or more consecutive years". Special Term denied defendant's motion to dismiss the complaint for failure to state a cause of action. We affirm. On appeal, defendant essentially argues that his criminal acts were not directed at his wife, but rather at society in general, and accordingly they cannot form the basis for a divorce based on cruel and inhuman treatment. We disagree. The complaint specifically (1) sets forth the very serious and dangerous criminal acts committed by the defendant and (2) alleges that defendant persisted in this conduct, despite plaintiff's "repeated requests that he discontinue such activity". In her opposing affirmation to defendant's motion to dismiss, plaintiff alleged: "Nor is my cause of action for a divorce predicated upon the mere fact that the defendant engaged in criminal activity, and if the defendant had engaged in a single act of criminal activity, or had I been unaware of that criminal activity when it was conducted, the situation might be far different from what it is here. In the present case, however, the defendant engaged in a course of conduct over a period of two years, against my wishes and over my objection". Further, plaintiff alleges that "many of the arrangements" regarding defendant's criminal schemes, which she was aware of and protested about, were made by defendant in the marital home by both personal conversations with his fellow conspirators and telephone conversations with them. With regard to the adverse effects of defendant's behavior, plaintiff alleged that defendant's criminal activities caused her "great upset, embarrassment, and humiliation" which was compounded when defendant tried to persuade her to induce a psychiatrist to falsely claim that she was "in danger of a mental breakdown", in order to facilitate defendant's early parole. This final act in defendant's pattern of criminal conduct allegedly caused plaintiff to seek psychiatric help. We therefore are of the view that (1) these allegations fall within the parameters of cruel and inhuman treatment as set forth in the statute and (2) plaintiff should have the opportunity to prove them at trial (cf. *Weaver v Weaver*, 74 App Div 591, affd 178 NY 621). Accordingly, the order appealed from should be affirmed. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.